UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE, *et al.*,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>CASTLE INVESTMENTS LLC,<br><br>　　　　　　　Defendant. | Case No. 1:25-cv-01194-KES-CDB<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO PROSECUTE AND TO OBEY COURT ORDERS<br><br>(Doc. 16)<br><br>**14-DAY OBJECTION PERIOD** |

**Relevant Background**

Plaintiff Theresa Brooke ("Plaintiff") initiated this action with the filing of a complaint against Defendant Castle Investments LLC ("Defendant"), alleging violations of the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("Unruh Act"). (Doc. 1).

On November 18, 2025, following the filing by counsel for Plaintiff of a notice regarding settlement and declaration that Plaintiff's appointed personal representative approved the settlement of this case, the Court directed the parties to file dispositional documents no later than December 4, 2025, and vacated all other case management dates, conferences, and filing requirements. (Doc. 13) (citing Local Rule 160(b)).

On the deadline to file dispositional documents, Plaintiff filed a motion for three-week extension of time to make the filing. (Doc. 15). The following day, the Court granted Plaintiff's request to extend time to file dispositional documents to December 29, 2025. (Doc. 16). Plaintiff

1

1  was admonished that no further extensions of the deadline to file dispositional documents would
2  be granted absent the timely filing of (1) a notice of appearance by counsel for Defendant, and (2)
3  a declaration of counsel for Plaintiff demonstrating extraordinary circumstances unrelated to the
4  parties' performance under any private settlement agreement in this matter that warrants any further
5  extension. *Id.* Plaintiff was forewarned that any failure to timely comply with this order would
6  result in a recommendation by the undersigned to dismiss this action for Plaintiff's failure to
7  prosecute and failure to comply with a court order. *Id.*

8  As Plaintiff has failed to file dispositional documents or otherwise comply with the Court's
9  order in seeking a further extension of the deadline by timely filing a notice of appearance by
10 counsel for Defendant and a declaration of counsel for Plaintiff demonstrating extraordinary
11 circumstances, and the deadline to do so has passed, for the reasons below, the undersigned will
12 recommend that the Court dismiss this action without prejudice.

13 **Governing Legal Standards**

14 Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides that
15 "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may
16 be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of
17 the Court." Local Rule 110. The Court has the inherent power to control its docket and may, in
18 the exercise of that power, impose sanctions where appropriate, including dismissal of the action.
19 *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000). A court may dismiss an action
20 based on a party's failure to prosecute an action, obey a court order, or comply with local rules.
21 *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to
22 comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128,
23 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*,
24 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local
25 rules).

26 "In determining whether to dismiss an action for lack of prosecution, the district court is
27 required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2)
28 the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public

policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (internal quotation marks & citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

Separately, Local Rule 160(b) provides that a party's "failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions." Local Rule 160(b).

**Discussion**

Here, Plaintiff has failed to comply with the Court's orders and Local Rules. Plaintiff has failed to file dispositional documents by the December 29, 2025, deadline or to otherwise comply with the Court's order in seeking an extension of the deadline to do so, and the time to do so has passed. There are no other reasonable alternatives available to address Plaintiff's failure to respond and otherwise obey this Court's orders. Thus, the first and second factors—the expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor, risk of prejudice to Defendant, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). This matter cannot proceed further without Plaintiff's participation to prosecute the case and file dispositional documents as ordered following Plaintiff's filing of a notice of settlement. (Docs. 13, 16). The presumption of injury holds given Plaintiff's unreasonable delay in prosecuting this action. Thus, the third factor— a risk of prejudice to the Defendant—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Plaintiff has not moved this case forward toward disposition on the merits. Plaintiff has instead failed to comply with this Court's orders, the Federal Rules of Civil Procedure, and the Local Rules,

1  and by doing so, is impeding the progress of this action.  Therefore, the fourth factor — the public
2  policy favoring disposition of cases on their merits — also weighs in favor of dismissal.  *Carey*,
3  856 F.2d at 1440.
4      Finally, the Court's warning to a party that failure to obey the court's order will result in
5  dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262.
6  Here, the Court's order granting additional time for Plaintiff to file dispositional documents or to
7  comply in seeking any further extension thereto, cautioned: "Any failure by Plaintiff to timely
8  comply with this order will result in a recommendation by the undersigned to dismiss this action
9  for Plaintiff's failure to prosecute and failure to comply with a court order."  (Doc. 16).
10      Plaintiff was adequately forewarned that the failure to timely comply with the Court's order
11  could result in terminating sanctions.  Because Plaintiff has failed to comply with this Court's
12  orders and in so doing is failing to prosecute their case, the undersigned will recommend dismissal
13  of this action.

*Remainder of This Page Intentionally Left Blank*

**Conclusion, Order, and Recommendation**

For the reasons set forth above, **IT IS RECOMMENDED** as follows:

1. The Court DISMISS this action without prejudice for Plaintiff's failure to prosecute this action and to comply with the Court's orders and Local Rules. *See* Local Rules 110, 160(b); and

2. The Clerk of the Court be directed close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **January 6, 2026**

UNITED STATES MAGISTRATE JUDGE